# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROYAL NEIGHBORS OF AMERICA,**         )
                                        )
        **Plaintiff,**    )
                                        )
**v.**                                  )
                                        )     Case No. 10-1274-CM
                                        )
**TRACI THIESEN,**                      )
                                        )
        **Defendant.**    )
                                        )

## MEMORANDUM AND ORDER

This declaratory judgment action is before the court on defendant Traci Thiesen's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion to Stay Proceedings (Doc. 4). Ms. Thiesen contends that the court should decline to exercise jurisdiction to hear plaintiff Royal Neighbors of America's ("Royal") declaratory judgment action because plaintiff filed this action in response to a case Ms. Thiesen filed in Texas state court (the "Texas case"). In the Texas case, Ms. Thiesen alleges claims against Royal, Kansas Life Insurance Agency ("KLI") and KLI's owner Scott Tajchman for denying life insurance benefits under her husband's Application for Term Insurance (the "Application"). In the instant case, Royal seeks a declaration determining "the rights and responsibilities of the parties arising out of [the Application]." (Doc. 1, at 2.)

The defendants in the Texas case sought to remove the case to the United States District Court for the Eastern District of Texas (the "Eastern District of Texas"), arguing Ms. Thiesen improperly joined KLI and Mr. Tajchman. On November 23, 2010, the Eastern District of Texas denied the defendants' motion. In denying the motion, the Court noted that there was a reasonable basis to predict that Ms. Thiesen could recover from KLI and Mr. Tajchman.

-1-

A court may decline to exercise jurisdiction to hear a declaratory judgment action. 28 U.S.C. §2201; *Sprint Corp. v. Aerotel, Ltd.*, No. 99-2547-JWL, 2000 WL 382031, at * 2 (D. Kan. Mar. 17, 2000) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)). Whether to exercise jurisdiction under the Declaratory Judgment Act is within the sound discretion of the district courts. *Wilton*, 515 U.S. at 282; *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). The Tenth Circuit has set forth five factors a district court should evaluate in determining whether to exercise jurisdiction over a declaratory judgment action:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; (4) whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002) (quotations omitted) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)) (recognizing the factors of *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), but applying the *Mhoon* factors).

The first, second, fourth, and fifth factors weigh in favor of dismissal. Under the first factor, while a declaration would settle the controversy presently before this court (interpretation of the Application), it would not settle the entire controversy between the parties; it would only determine the rights and responsibilities arising out of the Application. Any determination this court made would impact the claims and defenses in the Texas case. Under the second factor, the declaratory action could clarify some legal relations, but potentially not all. It would impact parties with a vested interest in the interpretation of the Application who are not before this court and could affect their defenses in the Texas case.

Under the fourth factor, a declaration of the parties' rights and responsibilities would create friction between the federal and state courts. Clearly, the parties' rights and responsibilities under the Application are at issue in the Texas case. This is not a complex issue, nor does it involve federal law. Royal's arguments for having this court interpret the Application rest largely on the fact that Texas is an inconvenient forum, that Kansas law governs Ms. Thiesen's claims, and that KLI and Mr. Tajchman are not within the Texas court's jurisdiction. The first two issues have yet to be decided, and the third was recently decided by the Eastern District of Texas. That court found that Ms. Thiesen has a reasonable basis for state-law claims against KLI and Mr. Tajchman and remanded the case back to the Texas state court. The Texas court is adequately equipped to interpret the Application, resolve the issues raised by Royal in this action, and hear the claims raised in the Texas case. There is no need for this court to get involved.

Under the fifth factor, there is an alternative remedy: the action pending in Texas, which contains all of the claims between all of the parties with an interest in the Application. The third factor—whether Royal is using this action for procedural fencing—is neutral. Both parties argue that the other is forum shopping. The court finds both arguments unpersuasive.

The issues raised in the instant action are intertwined with the claims raised in the Texas action. Upon review of the *Mhoon* factors identified above, the court declines to hear this declaratory judgment action and grants Ms. Thiesen's motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant Traci Thiesen's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion to Stay Proceedings (Doc. 4) is granted.

Dated this 27 day of December, at Kansas City, Kansas.

s/Carlos Murguia

**CARLOS MURGUIA**
**United States District Judge**